CV 13-3247

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH ESPINAL and EDWIN GARCIA,
                        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, POLICE
COMMISSIONER RAYMOND KELLY
POLICE OFFICERS "JOHN DOE 1",
"JOHN DOE 2", AND "JOHN DOE 3",
SERGEANTS, LIEUTENANTS, AND
CAPTAINS "JIM DOE 1", "JIM DOE 2",
AND "JIM DOE 3",
                        Defendants.
------------------------------------------------------------X

VITALIANO, J.

COMPLAINT

Plaintiff requests a trial by jury

MANN, M.J.

Plaintiff, complaining of the defendants, by his attorney, respectfully shows to this Court and alleges:

JURISDICTION:
1) That Jurisdiction is founded upon the existence of a Federal Question.

2) That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. sec.1983) and arising under the law and statutes of the State of New York.

3) Jurisdiction is founded upon U.S.C. secs.1331 and 1334(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

4) The matter in controversy exceeds, exclusive of interest and costs, the sum or value of THREE MILLION ($3,000,000.00) DOLLARS.

PARTIES:
5) That the plaintiffs are Citizens of the United States and he is a resident of the County of Kings, City of New York, State of New York

6) That the defendant, The City Of New York, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

7) Upon information and belief, that at all times hereinafter mentioned, the defendant, The City of New York, its agents, servants, and employees operated, maintained and controlled the Police Department of The City of New York, a Department thereof, including all the police personnel thereof.

8) Upon information and belief, that at all times hereinafter mentioned, and prior, on and subsequent and continuing, on or about March 2, 2012 Police Officers "John Doe 1", "John Doe 2", "John Doe 3", and Sergeants, Lieutenants, and Captains "Jim Doe 1", Jim "Doe 2", and "Jim Doe 3" were employed by The City of New York, as police officers, sergeants, lieutenants and captains, respectively.

9) Upon information and belief, that at all times hereinafter mentioned, defendant, Raymond Kelly, Commissioner of the Police Department of the City of New York was and is presently acting as Police Commissioner of The City of New York, and an employee of the City of New York.

10) Upon information and belief, that at all times hereinafter mentioned, the defendant, Raymond Kelly, Commissioner of the Police Department of The City of New York, was hired by The City of New York as Police Commissioner of the Police Department of The City of New York and designated as head of the police officers for The City of New York.

11) This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

12) Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

PENDANT STATE CLAIMS

13) That Notice of the Plaintiff's Claim and Notice of Intention To Sue for Damages for improper and false arrest and imprisonment, assault and battery, violation of civil rights, negligence in training and supervising, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Comptroller of defendant, The City of New York, on or about the May 11, 2012.

14) That more than 30 days have elapsed since the Notice of Claim and Intention To Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustments or payment thereof.

15) That this action is commenced within one year and 90 days after the cause of action arose.

AS AND FOR A FIRST CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

16) That plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "16" with the same force and effect as if more fully set forth herein.

17) That on or about March 2, 2012, at or about 205 Albany Avenue, Apt#: 13-A, Brooklyn, NY, and onward Police Officers "John Doe 1", "John Doe 2", "John Doe 3", and Sergeants, Lieutenants, and Captains "Jim Doe 1", Jim "Doe 2", and "Jim Doe 3" did improperly arrest, detain, and imprison the plaintiffs.

18) That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiffs was in fact guilty of such crimes.

19) That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiffs even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiffs, directed that the plaintiffs be searched and placed in confinement at said location.

20) That the plaintiffs were wholly innocent of said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

21) That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiffs was compelled to appear before a Judge of the Criminal Court of the City of New York, and to be, upon information and belief, arraigned.

22) That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiffs; in that the plaintiffs was conscious of the confinement; plaintiffs did not consent to the confinement; and that the confinement was not otherwise privileged.

23) That by reason of the false arrest, imprisonment and detention of the plaintiffs, plaintiffs was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing

and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment opportunities.

24) That by reason of the foregoing, plaintiff has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

25) Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "25" with the same force and effect as if more fully set forth herein.

26) That on or about the above-referenced time period on that day, while plaintiffs was lawfully within the above-referenced premises, the defendants, their agents, servants and employees, caused plaintiffs to be, and did, without just cause or provocation and with great force and violence, violently seized, assaulted and laid hold of plaintiffs.

27) That the defendants, their agents, servants and employees, acting as agents and on behalf of defendants and within the scope of their employment, intentionally, willfully and maliciously assaulted and battered plaintiffs, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact to the plaintiffs, and that act(s) caused apprehension of such contact in the plaintiff, and the defendants, in a hostile and/or offensive manner touched and beat the plaintiffs, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs and caused such batter in and about the head, neck, back, body and limbs, and caused damage to plaintiffs belongings and property.

28) That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable or reasonable cause, the plaintiffs suffered great bodily injury in and about the head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and suffered conscious pain and suffering, and was otherwise damaged.

29) That by reason of the aforementioned, plaintiff s has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

30) Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if more fully set forth herein.

31) That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees and affiliates.

32) That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on the part of plaintiffs.

33) That by reason of the aforesaid, plaintiffs suffered the above-referenced damages.

34) That by reason of the aforesaid, plaintiff has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A FOURTH CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

35) Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if more fully set forth herein.

36) That the defendants, their agents, servants and employees were negligent in their performance of their duties, including in their police duties and administrative duties.

37) That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on behalf of the plaintiffs.

38) That by reason of the aforesaid, plaintiffs suffered the above-referenced damages.

39) That by reason of the aforesaid, plaintiff has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A FIFTH CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

40) Plaintiffs repeats, reiterates and reallges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if more fully set forth herein.

41) That on or about the aforesaid time period and and thereafter, the defendants, their agents, servants and employees caused plaintiff to be, and did, maliciously prosecuted plaintiffs without any rights or grounds therefore.

42) That the plaintiffs was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

43) That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of New York.

44) That upon examination, the said charges were falsely and maliciously made. That a Judge of the Criminal Court of the City of New York, dismissed all charges against plaintiffs arising from the above-return events.

45) That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever

therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiffs was without probable cause, with actual malice and was terminated in favor of the plaintiff.

46) That by reason of the aforesaid unlawful and malicious prosecution, the plaintiffs was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was injured in his reputation in his community and otherwise damaged.

47) That by reason of the aforesaid, plaintifs has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A SIXTH CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF

48) Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if more fully set forth herein.

49) That the defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiffs, and caused same, and deprived plaintiff of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, handcuffed him and threatened him with the possible use of firearms and the use of physical force, falsely imprisoned plaintiff without his consent without privileged, arrested and imprisoned plaintiffs without probable cause, falsely charges plaintiff with crimes known to be false, assaulted and battered plaintiff, failed to properly supervise, train, retain, hire their agents, servants and employees, despite the foregoing causing a clear and present danger to the citizens of the City and State of New York, prosecuting plaintiff without probable cause with eventual termination favorable to plaintiffs, not as individuals, but under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under authority of their office as police officers for said entity.

50) Plaintiffs did not commit any illegal act, either or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprives of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec.1983 and the Constitution of the State of New York.

51) The defendants, and other persons unknown to plaintiff, acting under color of law, have subjected plaintiffs and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonment and arrests and malicious prosecution of persons, in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitutions of the United States.

52) This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution

upon plaintiffs and other citizens by members of the police department of the defendant, City Of New York, acting in concert with persons unknown to plaintiff and under color of law, are illegal, improper and unrelated to proper activities of police officers.

53) Although the defendants, knew or should have known, of the aforesaid pattern of conduct, the defendant, The City of New York, failed to take any steps to redress or halt same.

54) The rights of plaintiff under the Constitutions of the United States and State of New York have been violated, including those arising form the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America.

55) That by reason of the aforesaid, plaintiffs has been damaged and requests compensatory damages of THREE MILLION ($3,000,000.00) DOLLARS, and punitive damages of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A SEVENTH CAUSE(S) OF ACTION ON BEHALF OF PLAINTIFF
56) Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" with the same force and effect as if more fully set forth herein.

57) That by reason of the aforesaid, plaintiffs demands punitive damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

WHEREFORE, the plaintiffs demands judgment against the defendants in the sum of FIVE MILLION DOLLARS in the first cause of action; THREE MILLION DOLLARS in the second cause of action; THREE MILLION DOLLARS in third cause of action; THREE MILLION DOLLARS in the fourth cause of action; THREE MILLION DOLLARS in the fifth cause of action; THREE MILLION DOLLARS in the sixth cause of action; in the seventh cause of action, THREE MILLION DOLLARS in compensatory damages and THREE MILLION DOLLARS in punitive damages; and in the eighth cause of action, THREE MILLION DOLLARS in punitive damages.

Dated: New York, New York
May 1, 2013

KUBICK & ASSOCIATES, P.C.
40 WORTH STREET, STE. 820
NEW YORK, N.Y. 10013
212.684.7541

BY: _____
RICHARD KUBICK (RK-8331)